# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     2:11-cv-214<br>) |
| BLAKE SAFFRAN, K. B. b/n/f CINDI BEARD, and CINDI BEARD, | )<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff State Farm Fire and Casualty Corporation's Motion for Default Judgment against Defendants Blake Saffran and K. B. b/n/f Cindi Beard and Cindi Beard individually. [DE 4.] In this declaratory action, State Farm claims that it has no duty to defend or indemnify Blake Saffran against a lawsuit brought against him by Cindi Beard and K. B. State Farm also argues that Cindi Beard and K. B., as a judgment creditor of Saffran, has no right, title or interest in the Homeowners Policy issued by State Farm to Saffran's mother, Janet Saffran. Because all the Defendants have failed to appear, plead or otherwise defend as required by the Federal Rules of Civil Procedure, the Motion for Default Judgment will be granted.

## BACKGROUND

Plaintiff State Farm issued two insurance policies to Janet Saffran: a Homeowners insurance policy and a personal Umbrella policy. [DE 1 at 3.] Both policies provided that State Farm would be responsible for certain damages for which Janet Saffran might be liable arising out of "bodily injury" or "property damage." [DE 1-2 and 1-3.]

Janet Saffran's son, Defendant Blake Saffran, is alleged to have sexually molested K. B.,

a minor. K. B. and her mother, Cindi Beard, therefore sued Blake Saffran in Porter Superior Court of Porter County, Indiana for assault (the "Underlying Lawsuit"). Janet Saffran was also named as a defendant in the Underlying Lawsuit on a theory of negligent supervision of her son. The plaintiffs and defendants in the Underlying Lawsuit eventually entered into a stipulated judgment. [DE 9-1.]

In this case, Plaintiff State Farm seeks a declaratory judgment that it owes no coverage to Blake Saffran regarding the Underlying Lawsuit. State Farm asserts that Blake Saffran's molestation of K. B. does not qualify as an "occurrence" under the Homeowners Policy, that it is subject to an exclusion in the Homeowners Policy for intentional bodily injury, that it does not qualify as a "loss" under the Umbrella Policy, and that it is also subject to an exclusion in the Umbrella Policy for intentional bodily injury. State Farm also asserts that it is "relieved of any duty to indemnify Blake Saffran under the Homeowners Policy" as a result of "Blake Saffran's material breach of the policy conditions" and that therefore defendants Cindi Beard and K. B. are "entitled to no right, title or interest in the Homeowners Policy as a judgment creditor of Blake Saffran." [DE 1 at 10-11.]

State Farm filed the present suit on June 21, 2011. Defendant Cindi Beard was served with a summons and the Complaint on July 2, 2011 [DE 4 at 4], and she was thus required to timely respond to the Complaint by July 25, 2011. Defendant Blake Saffran was served with a summons and the Complaint on July 18, 2011 [DE 4 at 6], and he was thus required to timely respond to the Complaint by August 8, 2011. To date, neither Defendant has responded to the Complaint, and the clerk thus entered default pursuant to Federal Rule of Civil Procedure 55(a) on August 23, 2011.

## DISCUSSION

Federal Rule of Civil Procedure 55(b) governs default judgments, and the Court must exercise sound judicial discretion in entering a default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A court may look to a number of factors when deciding a motion for default judgment, including the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed.).

Applying these factors, the Court finds that a default judgment against Blake Safrran, Cindi Beard, and K. B. is warranted. With respect to these Defendants, no material issues of fact are at issue and the grounds for default are clearly established. In addition, the default goes beyond a mere technicality: the Defendants have not filed any responsive pleading despite being served with the Complaint and Summons. Furthermore, State Farm does not seek damages from the Defendants but merely a declaratory judgment regarding the insurance policies issued to Janet Saffran. A weighing of these factors favors the entry of default judgment against the Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment against Defendants Blake Safrran, Cindi Beard, and K. B. b/n/f Cindi Beard [DE 4] is **GRANTED.**

The Court **ORDERS** that:

1. State Farm Fire and Casualty Company has no duty to defend Blake Saffran in the Underlying Lawsuit under the Homeowners and Umbrella Policies issued to Blake Saffran's mother, Janet Saffran;.

2. State Farm Fire and Casualty Company has no duty to indemnify Blake Saffran in the Underlying Lawsuit under the Homeowners and Umbrella Policies issued to Blake Saffran's mother, Janet Saffran;

3. Blake Saffran breached the conditions of the Homeowners Policy be entering into a stipulated judgment with the plaintiffs in the Underlying Lawsuit;

4. Cindi Beard and K. B. b/n/f Cindi Beard are entitled to no right, title or interest in the Homeowners Policy as a judgment creditor of Blake Saffran.

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: August 31, 2011

s/ Philip P. Simon  
PHILLIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT